1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAY L. WYANT

      Plaintiff,

   v.

CITY OF LYNNWOOD, et al.,

      Defendants.

CASE NO. C08-0283RAJ

ORDER

15

## I. INTRODUCTION

16

17

18

This matter comes before the court on a motion for summary judgment from Defendants.[1] Dkt. # 13. Neither party has requested oral argument. For the reasons stated below, the court DENIES the motion.

19

## II. BACKGROUND

20

21

22

23

24

Plaintiff Clay Wyant's claims arise from his arrest in Lynnwood Municipal Court on December 20, 2004. This is the earliest possible date on which his claims in this action accrued. On December 11, 2007, he filed an administrative claim with the City of Lynnwood. On February 19, 2008, he filed this lawsuit, asserting four 42 U.S.C. § 1983 claims and two state law claims.

25

26

27

[1] There are three Defendants in this matter: the City of Lynnwood and two police officers. The same counsel represents all three Defendants. It is not clear whether counsel brought this motion solely on behalf of the City of Lynnwood or on behalf of all Defendants. Given the disposition of this motion, there is no need for the court to resolve this issue. The court directs Defendants' counsel to clearly state in future motions whether he seeks relief on behalf of all his clients.

28

ORDER – 1

Defendants contend that the court should grant summary judgment against Mr. Wyant's § 1983 claims because they were not filed within the applicable statute of limitations.

### III.  ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party must initially show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

In this case, the court need not resolve any factual disputes.  The court assumes that Mr. Wyant's claims accrued on December 20, 2004, because no party has provided any evidence that his claims accrued earlier.  The court thus assumes for purposes of this motion that Mr. Wyant filed his claims three years and sixty-one days after his claims accrued.  Because of assumption, the court today resolves a purely legal question: is this action timely under applicable statutes of limitation and rules of tolling.  The court defers to neither party in answering legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

Section 1983 contains no statute of limitations.  Federal courts borrow statutes of limitation for § 1983 claims from state law, specifically the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).  There is no dispute that the applicable Washington statute is RCW 4.16.080(2), which provides a three-year limitations period. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th

ORDER – 2

Cir. 1991). There is no question that Mr. Wyant sued more than three years after his claims accrued on December 20, 2004.

The statute of limitations is not the end of the question, however, because federal courts considering § 1983 claims also borrow state law for the "closely related question[]" of tolling statutes of limitation. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *see also Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989) ("We look to state law to determine the application of tolling doctrines.") (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 486-87 (1980)). Mr. Wyant relies on RCW 4.96.020, which governs "claims for damages against all local governmental entities and their officers, employees, or volunteers." RCW 4.96.020(1). The statute requires that a party file a "claim" with a designated agent of the local government entity, RCW 4.96.020(2)-(3), and in the provision critical to resolving this motion, provides as follows:

> No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

RCW 4.96.020(4).

No one disputes that Mr. Wyant filed a "claim" within the meaning of the statute on December 11, 2007. He contends that his claim tolled the statute of limitations for an additional 60 days. If he is correct, then this action is timely.[2] The question before the court is whether the tolling provision (the final sentence) of RCW 4.96.020(4) applies to toll the statute of limitations for a § 1983 claim. For the reasons stated below, the court concludes that it does.

---

[2] Mr. Wyant filed this suit on February 19, 2008, three years and *61* days after December 20, 2004. February 18, 2008, however, was a court holiday. Thus, Mr. Wyant was permitted to file this action on the next court day. Fed. R. Civ. P. 6(a)(3).

ORDER – 3

Although federal courts borrow statutes of limitations and tolling doctrines from state law in § 1983 suits, they prohibit state law from imposing additional prerequisites to § 1983 suits. For that reason, state "notice-of-claim provisions," which require a plaintiff to give administrative notice to government entities or government actors before bringing a § 1983 suit, are not applicable in *federal* court. *Felder v. Casey*, 487 U.S. 131, 140 (1988). Although courts presume that Congress intended some limit on the time period for bringing a § 1983 claim, they do not assume that Congress intended any "notice-of-claim" limitation. *Id.* Moreover, the Constitution's Supremacy Clause preempts enforcement of state notice-of-claim provisions in § 1983 cases brought in *state court*. *Id.* at 141, 153.

Under these principles, the portion of RCW 4.96.020(4) that requires a pre-suit claim does not apply in federal court and is preempted in state court. In *Wright v. Terrell*, Washington recognized that its courts could not require a RCW 4.96.020(4) pre-suit claim for a § 1983 suit. 170 P.3d 570, 570 (Wash. 2007) (citing *Felder*, 487 U.S. at 138).

Neither *Felder* nor *Terrell*, however, addresses the question this case presents: whether the tolling provision (the final sentence) of RCW 4.96.020(4) applies to Mr. Wyant. Fortunately, the Ninth Circuit answered the question in *Harding*. There, the court considered a California statute that both barred a civil suit against a peace officer while criminal charges against the plaintiff were pending and tolled the statue of limitations while the charges were pending. *Harding*, 889 F.2d at 907-908 & n.2 (citing Cal. Gov't Code § 945.3). The court followed *Felder* in holding that the portion of the statute preventing a plaintiff from suing was not applicable in a § 1983 suit. *Id.* at 908. The court concluded, however, that nothing preempted the application of the tolling portion of the statute. *Id.* at 908-09. The court reasoned that the tolling provision merely expanded § 1983 plaintiffs' access to the courts, a result not at odds with congressional intent. *Id.* at 909.

ORDER – 4

*Harding* compels the court to conclude that federal law requires the application of the tolling provision of RCW 4.96.020(4). Like the California provision at issue in *Harding*, the Washington statute contains both a prerequisite to filing a suit and a tolling provision. *Compare Harding*, 889 F.2d at 908 n.2 (providing full text of California statute) *with* RCW 4.96.020(4). Like the California tolling provision, the Washington tolling provision by itself expands access to the courts. Moreover, although the pre-suit notice requirement of RCW 4.96.020(4) is not enforceable in a § 1983 suit, enforcing the statute's tolling provision still serves the purposes for which the legislature enacted it. The purpose of the RCW 4.96.020(4) is "to establish a period of time for government defendants to investigate claims and settle those claims where possible." *Medina v. Pub. Utility Dist. No. 1*, 53 P.3d 993, 1000 (Wash. 2002). Although the statute cannot require a § 1983 claimant to make pre-suit claim, its tolling provision encourages plaintiffs to make such claims by ensuring that the clock will not run on their right to sue. Enforcing the tolling provision of RCW 4.96.020(4) advances both the goals of the state statute and Congress's goals. *See Harding*, 889 F.2d at 908-09 (noting that enforcing tolling provision supported objectives of both California and federal legislation).

One Washington decision interprets *Harding* differently. In *Southwick v. Seattle Police Officer John Doe No.1*, the court distinguished *Harding*, finding that "[n]o similar state policies are ignored by declining to separately import the tolling provisions of RCW 4.96.020(4) into the § 1983 limitation period." 186 P.3d 1089, 1092-93 (Wash. Ct. App. 2008). The court did not discuss the policy underlying RCW 4.96.020(4), nor did it explain why the statute's tolling provision, applied separately, would fail to advance that policy. Instead of following *Harding*, the *Southwick* court relied on *Silva v. Crain*, 169 F.3d 608 (9th Cir. 1999). In *Silva,* the court adhered to Supreme Court precedent requiring it to borrow the general statute of limitations for personal injury claims in California. 169 F.3d at 610. The court rejected the plaintiff's contention that it should follow "a different special statute of limitations [that] comes into play as to actions

ORDER – 5

against [a public] agency and its employees." *Id.* In reaching that result, the court considered *Harding* and found it "entirely inapposite" because the *Harding* court applied a state *tolling* statute to a § 1983 claim, consistent with federal law. *Id.* By contrast, the law on which the plaintiff in *Silva* relied was not a tolling statute, but rather "a separate freestanding special statute of limitations." *Id.* at 611. The court disapproved of a prior decision that had characterized the *Harding* statute as "effectively toll[ing]" statutes of limitation. *Id.* (citing *Hood v. City of Los Angeles*, 804 F. Supp. 65, 66 (C.D. Cal. 1992)).

In this case, *Harding* is controlling law for precisely the reasons stated in *Silva*. Mr. Wyant does not seek to rely on a "special statute of limitations," he seeks to rely on a "tolling provision" that is materially identical to the California tolling provision that the *Harding* court applied to a § 1983 claim. To this extent, the court disagrees with the *Southwick* court, which found that "as in *Silva*, the relevant law [RCW 4.96.020(4)] is a notice of claims statute containing a tolling provision." *Silva* expressly distinguished the statute it relied on from the tolling provision discussed in *Harding*. The "relevant law" in *Silva* was not a tolling provision. 169 F.3d at 611 ("[N]either [of the statutes at issue] is a tolling statute.").[3]

Given the difference between this court's application of law and *Southwick*, the court notes that *Southwick* is not binding authority. On matters of *state law*, where the state's highest court has not addressed an issue, a federal court follows the decisions of intermediate appellate courts unless there is "convincing evidence" that the highest court

---

[3] There is an additional distinction between this action and *Southwick* that may explain the disparate results: unlike Mr. Wyant, there is no indication that the plaintiff in *Southwick* ever filed a pre-suit claim. The *Southwick* court did not mention this omission, nor explicitly rely on it as a basis for its holding. If, however, the *Southwick* plaintiff was implicitly contending that RCW 4.96.020 creates a three-year-plus-sixty-day statute of limitations for § 1983 claims, then his position would be akin to the *Silva* plaintiff who sought to rely on a special statute of limitation. The *Southwick* court repeatedly characterized the plaintiff's contention as a tolling argument, and did not discuss the lack of a pre-suit claim. If it had discussed the absent pre-suit claim, this court queries why the *Southwick* court would not have simply rejected the special statute of limitations contention as a matter of statutory interpretation. RCW 4.96.020(4) is explicitly a tolling provision that does not extend the statute of limitations without a pre-suit claim. Thus, the *Southwick* plaintiff would appear to have had no basis to invoke RCW 4.96.020(4) regardless of whether it applies in § 1983 suits.

ORDER – 6

would decide the issue differently. *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990) (quoting *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 46 (1940)).  The court need not decide whether there is "convincing evidence" that the Washington Supreme Court would disagree with the reasoning of the intermediate appellate court in *Southwick*, because the critical holding in *Southwick* is an interpretation of federal law, not state law.  Although *Southwick* centers on a state statute, the critical issue is whether federal law either preempts the tolling provision of that statute or requires that it be applied to federal civil rights claims.  When a state court interprets federal law, its decision does not bind a federal court.  At least one court within this District has followed *Southwick* without discussion.  *Fleming v. Washington*, No. C07-5246FDB, 2008 U.S. Dist. LEXIS 69152, at *3-5 (W.D. Wash. Sept. 11, 2008).[4]  This court declines to do so to the extent that *Southwick* is inconsistent with this court's interpretation of *Harding*.

### IV.  CONCLUSION

For the reasons stated above, the court holds that the tolling provision of RCW 4.06.020(4) applies to § 1983 suits, and therefore finds that Mr. Wyant timely filed suit.  The court DENIES Defendants' motion for summary judgment (Dkt. # 13).

DATED this 24th day of November, 2008.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge

---

[4] The decision in *Fleming* is brief, and, as in *Southwick*, there is no indication that the plaintiff actually filed a pre-suit claim.  By contrast, the plaintiff in *Petrolino v. County of Spokane* filed a pre-suit claim within the limitations period.  No. CV-07-228-FVS, 2007 U.S. Dist. LEXIS 95228, at *2 (E.D. Wash. Dec. 11, 2007).  In that case, decided before *Southwick*, the court followed *Harding* and concluded that the tolling provision of RCW 4.96.020(4) applies to § 1983 suits.  *Id.* at *3-9.

ORDER – 7